# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**IRMA NETTLES JONES**                                   **CIVIL ACTION**

**VERSUS**

**HANCOCK HOLDING CO. and its**                    **No. 06-14-RET-CN**
**Insurer FEDERAL INSURANCE CO.**
**(A.K.A. CHUBB GROUP OF INSURERS)**

### RULING ON DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT (120) AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (130)

This matter is before the Court on a Supplemental Motion for Summary Judgment (Doc. No. 120) filed by Defendants, Hancock Holding Company ("Hancock") and Federal Insurance Company, and a Motion for Summary Judgment (Doc. 130) filed by Plaintiff, Irma Nettles Jones ("Jones"). Plaintiff has filed opposition to defendants' Supplemental Motion for Summary Judgment (Doc. No. 127), and has amended her opposition (Doc No. 128).  Defendants have filed opposition to plaintiff's Motion for Summary Judgment (Doc. 136). Jurisdiction is allegedly based on diversity, 28 U.S.C. § 1332. The Court, having reviewed the record, the law, and the arguments of the parties, now concludes that defendants' Supplemental Motion for Summary Judgment (Doc. No. 120) should be **DENIED**, and plaintiff's Motion for Summary Judgment (Doc. 130) should be **DENIED**.

Doc#1850

## BACKGROUND

Plaintiff brings suit under Louisiana Civil Code articles 2317, 2317.1, and 2322 for injuries sustained as a result of her alleged trip and fall on July 15, 2004, while attempting to exit a mis-leveled elevator onto the third floor of Hancock's premises. Both parties concede that plaintiff must prove the following elements in order to prevail in her claim:

> (1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant knew or should have known of the vice or defect, (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care.[1]

In the Supplemental Motion for Summary Judgment (Doc. No. 120), defendants allege that plaintiff cannot prove (1) that the elevator had a vice or defect that presented an unreasonable risk of harm; (2) that Hancock had either actual or constructive knowledge of a defect in the elevator; and (3) that defendants failed to exercise reasonable care. Conversely, in her Motion for Summary Judgment (Doc. 130), plaintiff contends that the she has met every element of article 2317.1 and is therefore entitled to summary judgment.

## SUMMARY JUDGMENT

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and

---

[1] **Robinson v. Meaux**, 23 So.3d 1025, 1028 (La.App. 3 Cir. 2009) (citing **Riggs v. Opelousas Gen. Hosp. Trust Auth.**, 997 So.2d 814, 817 (La.App. 3 Cir. 2008)).

Doc#1850                                   2

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2]

The party seeking summary judgment bears the initial burden of setting forth the basis for its motion and identifying the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.[3]  The moving party may discharge its burden by showing or pointing out to the court that there is an absence of evidence to support the non-moving party's case.[4]  Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue of fact for trial.[5]  The non-moving party must come forward with evidence which establishes each element for which that party bears the burden of proof at trial.  Summary judgment is mandated if the non-movant fails to make a showing sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial.

_____

[2] See Fed. R. Civ. P. 56(c).

[3] **Celotex Corp. v. Catrett**, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

[4] **Id.** at 325.

[5] **Id.** at 322-23.

## APPLICABLE LAW

La. Civ. Code art. 2317 provides that:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

La. Civ. Code art. 2317.1 provides that:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Louisiana courts have outlined the elements of a claim under La. Civ. Code art 2317.1 as follows:

> [T]o prevail in her claim, the plaintiff [must] prove the following: (1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant knew or should have known of the vice or defect, (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care. If the plaintiff fails to provide proof any one of these elements, his ... claim fails.[6]

The addition of the language to article 2317.1 that an owner is liable for damage "only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect" has effectively turned claims against owners or custodians of "things" from a claim based upon strict liability to

---

[6] See supra note 1.

a claim grounded in negligence.[7]

## ANALYSIS

## I. Defendants' Supplemental Motion for Summary Judgment (Doc. No. 120)

Defendants allege that plaintiff cannot prove (1) that the elevator had a vice or defect that presented an unreasonable risk of harm; (2) that Hancock had either actual or constructive knowledge of a defect in the elevator; and (3) that defendants failed to exercise reasonable care.  Each disputed element will be addressed in turn.

### A. Vice or Defect that Presented an Unreasonable Risk of Harm

Defendants argue that even if, as plaintiff contends, the elevator was mis-leveled to a six inch height differential between the elevator floor and the third floor, the six inch differential was so open and obvious that it could not possibly present an unreasonable risk of harm.  Therefore, in essence, defendants contend that they owe patrons no duty of care with respect to injuries sustained as a result of a six inch elevator mis-leveling.

It is well-settled Louisiana law that a landowner owes a duty to a plaintiff to discover any unreasonably dangerous conditions, and to either correct the

---

[7] See **Riggs**, 997 So.2d at 817 (La. App. 3 Cir. 2008) (citing **Monson v.  Travelers Prop. & Cas. Ins. Co.**, 955 So.2d 758 (La. App.5 Cir. 2007); **Leonard v. Parish of Jefferson**, 902 So.2d 502 (La. App. 5 Cir. 2005); and **Bourquard V. Winn Dixie La. Inc.**, 900 So.2d 131 (La. App. 5 Cir. 2005)).

condition or warn of its existence.[8]

Nonetheless, Louisiana courts have recognized that defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. The degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous. A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner.[9] "In order to decide what constitutes an unreasonable risk of harm, the fact finder must weigh the social utility of the thing versus the likelihood and severity of harm. Whether or not the defect posed an unreasonable risk of harm must be decided on the particular facts and circumstances of the case."[10]

Defendants rely on **Wallace v. Treasure Chest Casino, LLC**, 920 So. 2d 251 (La. App. 5 Cir. 2005), to support their contention that they owe no duty of

---

[8] **Socorro v. City of New Orleans**, 579 So.2d 931 (La.1991); **Shelton v. Aetna Casualty & Surety Co.**, 334 So.2d 406, 410 (La.1976).

[9] **Dauzat v. Curnest Guillot Logging, Inc.**, 995 So.2d 1184 (La. 2008); **Hutchinson v. Knights of Columbus**, 866 So.2d 228, 234 (La. 2004); **Pitre v. Louisiana Tech University**, 673 So.2d 585, 591 (La. 1996).

[10] **Davis v. American Legion Hosp.**, 941 So. 2d 712, 714-5 (La. App. 3 Cir. 2006) (citing **Baker v. State, through Dept. of Health & Human Resources**, 921 So.2d 1209, 1213 (La. App. 3 Cir. 2006)).

care to patrons with respect to injuries sustained as a result of a six inch elevator mis-leveling.  Defendants' reliance on **Wallace** is misplaced, however.

Although the **Wallace** Court found that an elevator, which was mis-leveled eight to twelve inches, was an open and obvious condition, and therefore, the landowner, Treasure Chest, was not liable; the facts in **Wallace**[11] are clearly distinguishable from the instant case.  In **Wallace,** the elevator stopped, the doors partially opened, and the plaintiff used her hands to pry the doors open so that she could enter the elevator. Upon entering the elevator, the **Wallace** plaintiff fell. In the instant case, plaintiff testified that she was on the elevator, the elevator stopped approximately six inches below the floor, she did not see that the elevator stopped below the floor, and she tripped and fell while attempting to exit the elevator. Therefore, in stark contrast to **Wallace**, where the plaintiff took affirmative steps to pry the obviously malfunctioning elevator doors open prior to her entrance, there is simply no evidence in the instant case which might suggest that the defect was "open and obvious" to the instant plaintiff in the sense that she should, or could have, realized, prior to her exit, that the elevator might be malfunctioning.

In light of the foregoing discussion, the Court does not find that summary judgment is warranted on this issue. Instead, the Court finds that reasonable

---

[11] **Wallace**, 920 So. at 251 (La. App. 5 Cir. 2005).

jurors could disagree as to whether a six inch elevator mis-leveling could be of "such a nature to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances."[12]

## B. Knowledge of the Vice or Defect

As previously mentioned, in order to prevail in her claim, plaintiff must prove that the defendant knew or should have known of the vice or defect. The concept of constructive knowledge imposes a reasonable duty to discover apparent defects in things under the defendant's garde.[13] One is presumed to have constructive notice of a defect or dangerous condition when it is shown to have existed for such a long period of time that knowledge thereof can be presumed, or that it can be said that one should have had knowledge of the condition.[14]

Defendants argue that Hancock had no knowledge of any problems or defects with the subject elevator, nor had the defect existed for such a long period of time prior to the incident that knowledge could be presumed, and therefore, they cannot be liable.  In support of this argument, defendants submit

---

[12] **Jeansonne v. S. Cent. Bell Tel. Co.**, 8 So.3d 613, 619 (La. App. 5 Cir. 2009) (citing **Monson v. Travelers Property & Cas. Ins. Co.**, 955 So.2d 758 (La. App. 5 Cir. 2007)).

[13] **Johnson v. Entergy Corp.**, 827 So.2d 1234 (La. App. 2 Cir. 2002).

[14] **Charan v. Bowman**, 965 So.2d 466 (La. App. 1 Cir. 2007), writ denied, 967 So.2d 505 (La. 2007).

the depositions and affidavits of Tommy Jones and Brenda Decker, the depositions of Derrick Judson and Elsenia Young, and an invoice for routine maintenance performed on the subject elevator the morning of the incident.

Tommy Jones was employed as the project manager for Facility Services, Inc. According to Mr. Jones' affidavit,[15] Facility Systems, Inc. is a property management company that was retained by Hancock to manage the property which is the subject of this dispute. Mr. Jones indicated that Hancock also retained the services of Ver-Trans Elevator Maintenance Company to maintain the elevators on the premises. Mr. Jones stated that the elevators were routinely serviced as part of ordinary maintenance and periodically serviced when a problem arose. Mr. Jones indicated that if a problem arose with the elevators, Facility Systems, Inc. would contact Ver-Tans Elevator Maintenance Company. Mr. Jones stated that on July 15, 2004, he received notice that an accident occurred involving plaintiff and that no problems with the elevator were reported in the month prior to the incident.

Defendants also submitted the affidavit and deposition of Brenda Decker,[16] the Administrative Coordinator of Hancock at the time of the incident. Ms. Decker stated that as part of the everyday maintenance of the subject property, Facility

---

[15] Record Document No. 120-13, Affidavit of Tommy Jones.

[16] Record Document No. 120-2, March 14, 2007, Affidavit of Brenda Decker; Record Document No. 120-4, August 31, 2009, Affidavit of Brenda Decker; Record Document No. 120-12, Deposition of Brenda Decker.

Services, Inc. would receive complaints and/or reports of problems with the elevators on the premises and that any and all complaints and/or reports regarding the elevator on the subject premises were directed to Facility Systems, Inc. for maintenance and/or repair.  Ms. Decker also stated that Hancock had no direct involvement with elevator repairs, problems or reports. She further noted that prior to the July 15, 2004, alleged accident, Hancock had no notice of any problems with the complained of elevator located at the subject property.

Defendants also present the depositions of Derrick Judson and Elsenia Young, plaintiff's co-workers.  Both Derrick Judson and Elsenia Young stated that they used the elevator on the day in question and were unable to identify mis-leveling of the elevator.[17]

Notwithstanding the evidence set forth by defendants, plaintiff presents evidence that, prior to the date of the incident, mis-leveling of the elevator was a frequent occurrence.  Specifically, in his deposition, Derrick Judson states that mis-leveling was a frequent occurrence.[18]  Elsenia Young corroborated Mr. Judson's statements, adding that the elevator would constantly get stuck, the doors would open, and the elevator floor would not properly align with the building floor.[19]  Further, plaintiff introduces work request forms from The Young-Horton

_____

[17] Record Document No. 120-12, Deposition of Brenda Decker.

[18] Record Document No. 127-5, Deposition of Derrick Judson, p. 14.

[19] Record Document No. 127-6, Deposition of Elsenia Young, p. 31.

Doc#1850                                          10

Group, L.L.C. Realtors, a third floor tenant of the Hancock building, which show that Hancock was aware, on at least five occasions prior to July 15, 2004 (May 26, 2004, May 27, 2004, May 28, 2004, June 1, 2004, and June 8, 2004), about problems with the elevator.[20]

Moreover, the Court finds that the cases cited by defendant are unavailing. Those cases are readily distinguishable from the instant case as they all concern defects which had not been complained about, and therefore could not have been known, prior to plaintiffs' injuries. Specifically, in **Grogan v. Women's and Children's Hospital, Inc.**, 981 So.2d 162, 165, 167 (La. Ct. App. 3d Cir. 2008), the Court held that a hospital was not liable for injuries sustained by a plaintiff that had been bitten by a Brown Recluse spider while in the hospital, where plaintiff failed to show that the hospital knew or should have known of the presence of Brown Recluse spiders. In so holding, the **Grogan** Court found it significant that defendants had never received any complaints about Brown Recluse Spiders prior to the plaintiff being bitten. In **Gallow v. Newfield Exploration Co.**, 2008 WL 516528 (W.D. La. 2008), the Court held that the owner of an offshore platform was not liable where plaintiff sustained injuries while he was attempting a swing rope transfer between the platform and a ship located alongside the platform. In finding that defendant did not know, nor should it have known, that the rope was unsafe, the **Gallow** Court specifically noted that "no evidence ha[d]

---

[20] Record Document No. 127-1, Hancock Work Request Forms.

been presented [that] there had been any difficulty with swing rope transfers prior to plaintiff's aborted attempt."[21]  In **Riggs v. Opelousas Gen. Hosp. Trust Auth.**, 997 So.2d 814, 817 (La. App. 3d Cir. 2008), the Court held that a hospital was not liable where plaintiff sustained injuries as a result of an elevator malfunction which caused the elevator doors to shut on plaintiff.  In finding that defendant did not know, nor should it have known, that the elevator was unsafe, the **Riggs** Court relied heavily on the fact that between January 14, 2002, through the date of the alleged accident, June 14, 2003, no complaints were received and no repairs were made to the doors of the elevator which injured plaintiff.

In the instant case, plaintiff has put forth evidence which tends to indicate that complaints were made concerning defects in the subject elevator, that these complaints were made prior to plaintiff's alleged injury, and that Hancock should have been aware of the alleged defects. Accordingly, the Court finds that there is a genuine issue of material fact in dispute which precludes summary judgment on the issue of whether defendants knew or should have known of the vice or defect in the elevator.

### C. Failure to Exercise Reasonable Care

Defendants next argue that Hancock was "doing all it could reasonably do to ensure the operation of its elevators" because it hired independent contractors to inspect and maintain the elevators on a regular basis.

---

[21] **Gallow,** 2008 WL 516528, at *7.

In order for plaintiff to prevail on her claim, article 2317.1 requires that she demonstrate that the alleged damage "could have been prevented by the exercise of reasonable care, and that [the defendants] failed to exercise such reasonable care." The question of whether reasonable care was exercised in each case is difficult to resolve and will depend on the facts and circumstances of the case.[22]

Plaintiff has presented evidence which tends to indicate that complaints were made concerning defects in the subject elevator, that these complaints were made prior to plaintiff's alleged injury, and that Hancock was aware of these defects.  Because a reasonable juror could conclude that Hancock failed to exercise reasonable care by taking no additional steps above and beyond hiring a company to perform maintenance on the elevator, summary judgment on this issue is inappropriate.  Accordingly, defendants' Supplemental Motion for Summary Judgment is denied.

## II.  Plaintiff's Motion for Summary Judgment (Doc. No. 130)

Plaintiff contends that she is entitled to summary judgment as there are no genuine issues of material fact remaining regarding defendants' liability, and plaintiff is entitled to judgment as a matter of law under article 2317.1.

---

[22] **Lou-Con, Inc. v. Gulf Building Services, Inc.**, 287 So.2d 192, 198-199 (La. App. 4 Cir. 1974), writs denied, 290 So.2d 899 and 290 So.2d 901 (La. 1974).

As previously noted, there are genuine issues of material fact which preclude summary judgment on the issue of defendants' liability under article 2317.1.  Therefore, plaintiff's Motion for Summary Judgment must be denied as well.

## CONCLUSION

Defendants' Supplemental Motion for Summary Judgment (Doc. 120) is denied, as genuine issues of material fact preclude summary judgment on the issues of whether the elevator had a vice or defect that presented an unreasonable risk of harm, whether Hancock had either actual or constructive knowledge of a defect in the elevator, and whether defendants failed to exercise reasonable care.  Because plaintiff's Motion for Summary Judgment (Doc. No. 130) hinges upon consideration of the issues addressed by this Court in defendants' Supplemental Motion for Summary Judgment, and there are genuine issues of material fact which preclude summary judgment on those issues, plaintiff's Motion for Summary Judgment should be denied as well.

Accordingly, for the foregoing reasons assigned,

IT IS ORDERED that the Supplemental Motion for Summary Judgment filed by defendants (Doc. No. 120) is **DENIED**.

Doc#1850                              14

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by plaintiff (Doc. No. 130) is **DENIED**.

Baton Rouge, Louisiana, this 16th day of April, 2010.

**RALPH E. TYSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**