UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

IRMA NETTLES JONES                                    CIVIL ACTION

VERSUS

HANCOCK HOLDING CO. and its                           No. 06-14-RET-CN
Insurer FEDERAL INSURANCE CO.
(A.K.A. CHUBB GROUP OF INSURERS)

### RULING ON PLAINTIFF'S AND DEFENDANTS' MOTIONS IN LIMINE

This matter is before the Court on a Motion in Limine filed by Defendants, Hancock Holding Co. ("Hancock") and Federal Insurance Company (Doc. No. 153), and a Motion in Limine filed by Plaintiff, Irma Nettles Jones ("Jones") (Doc. No. 157). Both motions are opposed.[1] Plaintiff brings suit under Louisiana Civil Code articles 2317, 2317.1, and 2322 for injuries sustained as a result of her alleged trip and fall on July 15, 2004, while attempting to exit a mis-leveled elevator onto the third floor of Hancock's premises. Jurisdiction is allegedly based on diversity, 28 U.S.C. § 1332.

Through their Motion in Limine, Defendants request that this Court prohibit presentation of evidence regarding any elevator malfunction which might have occurred on Hancock's premises, as well as any evidence regarding the termination

---

[1] See Record Document No. 159, Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine; Record Document No. 161 Defendants' Response in Opposition to Plaintiff's Motion in Limine.

Doc#1864

of the contract between Hancock and Ver-Trans Elevator Maintenance Company ("Ver-Trans"), a company retained by Hancock to maintain the elevators on the subject premises. Defendants also move to preclude the testimony of Sheba Weston ("Weston"), an employee of WETCO Restaurant Group ("WETCO"), a third-floor tenant of the subject premises.

Plaintiff files a Motion in Limine to preclude Defendants from offering evidence concerning third-party fault in the instant matter.

## DISCUSSION

**I.     Defendants' Motion in Limine** (Doc. No. 153)

Defendants request that this Court exclude evidence regarding elevator malfunctions that occurred prior to, and after, Plaintiff's injuries. Specifically, Defendants seek to exclude the following evidence:

- March 17, 2005, incident report detailing occupant entrapment in elevator;[2]

- June 17 and 18, 2005, job invoices detailing occupant entrapment in elevator;[3]

- August 4, 2004, elevator mis-leveling.[4]

- May 25 – 28, 2004, and June 1 and 8, 2004, work request forms reporting that the elevator was not functioning properly, and sometimes not at all.[5]

---

[2] Record Document No. 153, Exhibit A.

[3] Record Document No. 153, Exhibit B.

[4] Record Document No. 153, Exhibit C.

[5] Record Document No. 153, Exhibit D, pp. 1-5.

Doc#1864                                                                       2

Defendants contend that this evidence is not relevant because the previous malfunctions were not "substantially similar" to the malfunction in the case at bar – that is – they did not occur at substantially the same place, under substantially the same conditions, and because they were not "caused by the same or similar defect, danger, act or admission (sic)." Although Defendants admit that some of the prior malfunctions involved elevator mis-leveling, they attempt to distinguish the malfunctions by arguing that none of the prior malfunctions resulted in a trip and fall. Defendants also contend that some of the elevator malfunctions are irrelevant because the malfunctions involved instances where the occupants were trapped inside of the elevator rather than mis-leveling.

Federal Rule of Evidence 402 states that "[e]vidence which is not relevant is not admissible."[6] Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[7] Defendants cite a line of federal cases addressing the issue of relevancy of prior and subsequent accidents or occurrences in product liability disputes. These cases are all irrelevant because the instant suit concerns premises liability, rather than products liability. Because of the dearth of federal cases addressing this issue, the Court looks to Louisiana cases addressing the

---

[6] Fed.R.Evid. 402.

[7] Fed.R.Evid. 401.

relevancy of prior and subsequent accidents or occurrences in premises liability disputes.

Louisiana jurisprudence establishes that evidence of prior accidents is admissible to show that a defendant had knowledge of a particular condition.[8] Although evidence of subsequent accidents cannot be used to show that a defendant had knowledge of a particular condition, this evidence is relevant to establish that a thing is defective, provided that the accidents occurred at substantially the same place and under substantially the same conditions and are caused by the same or a similar defect as the accident sued upon.[9]

Having reviewed the record and the relevant law, this Court finds that the malfunctions which are the subject of the instant dispute are all relevant. Specifically, the reported events occurred at the same place (elevator within the Hancock Building), under substantially the same conditions (climate controlled building), within a reasonable time span (within one year of the defect alleged in the instant suit), and were caused by similar defects (elevator malfunctions). Therefore, Defendant's Motion in Limine, insofar as it seeks to exclude evidence of subsequent and prior elevator malfunctions, is denied.

Next, Defendants seek to exclude evidence regarding the termination of the

---

[8] **Lee v. K-Mart Corp.**, 483 So.2d 609, 612-13 (La. App. 1st Cir.1985), writ denied, 484 So.2d 661 (La.1986).

[9] **Id.**; **Creppel v. Louisiana Power and Light Co.**, 514 So.2d 239, 245 (La. App. 5th Cir.), writ denied, 516 So.2d 131 (La.1987).

elevator maintenance contract between Hancock and Ver-Trans on the bases that it is irrelevant, prejudicial, or constitutes evidence of a subsequent remedial measure.

The Court finds that evidence pertaining to Ver-Trans' termination some sixteen months after the plaintiff's trip and fall is not relevant to the issue of whether Ver-Trans was negligent at the time of plaintiff's trip and fall. As such, the Court finds that evidence of the termination of Ver-Trans contract should be excluded under Rule 402 of the Federal Rules of Evidence. The Court also finds that, under Rule 403 of the Federal Rules of Evidence, Hancock would be unduly prejudiced by the introduction of evidence pertaining to Ver-Trans' termination, as the jury may impermissibly conclude that Ver-Trans was terminated specifically because they were at fault for the plaintiff's trip and fall. The Court therefore grants Defendants' Motion in Limine insofar as it seeks to exclude evidence regarding the termination of the elevator maintenance contract between Hancock and Ver-Trans.

Lastly, Defendants seek to preclude Sheba Weston from testifying at trial on the basis that she was untimely disclosed as a witness. Specifically, Defendants contend that Plaintiff failed to disclose Sheba Weston as a witness in her Answers to Interrogatories and subsequently failed to supplement her Answers pursuant to Federal Rule of Civil Procedure 26(e)(1)(A). Defendants further contend that the first time they received notice of Weston was when they received plaintiff's opposition to

their Motion for Summary Judgment,[10] and that this opposition came long after the March 31, 2009, discovery deadline.  Instead of offering a reason for the untimely disclosure, Plaintiff argues that Defendants possessed the elevator Work Request Forms and therefore Plaintiff need not disclose Weston because Defendants knew, or should have known, that WETCO and other tenants on the third and fourth floors made verbal and written complaints of elevator malfunction.

It is clear that Plaintiff's disclosure was untimely.  Therefore, the relevant issue is whether Plaintiff's failure to disclose was substantially justified or harmless.  Federal Rule of Civil Procedure 37(c)(1) states in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

This Court has broad discretion in deciding whether a violation is substantially justified or harmless.[11]  However, in exercising this discretion, four factors are to be considered: (1) the explanation for the party's failure to comply with the discovery order; (2) the importance of the evidence; (3) the prejudice to the opposing party of allowing the introduction of such evidence; and (4) the possibility of a continuance

---

[10] See Record Document No. 127, Plaintiffs Response in Opposition to Defendants' Motion for Summary Judgment.

[11] **Barrett v. Atlantic Richfield, Co.**, 95 F.3d 375, 380 (5th Cir.1996) (citing **Geiserman v. MacDonald**, 893 F.2d 787, 790 (5th Cir.1990)).

to cure any prejudice to the other party.[12]

Applying the foregoing factors, the Court finds that the violation was neither substantially justified nor harmless. First, Plaintiff has given no valid explanation for its failure to comply with the discovery order. Second, Plaintiff claims that Weston will testify as to the malfunctioning of the elevator, therefore, the importance of this testimony is low given that Weston's testimony is cumulative.[13] Third, Plaintiff did not supply the name of the witness until approximately six months after the discovery deadline, therefore Defendants were denied an opportunity to depose this witness. Finally, trial in this matter is scheduled to begin in a matter of days and granting a continuance would substantially hinder the resolution of this matter. Therefore, the Court grants Defendants' Motion in Limine insofar as it seeks to exclude the testimony of Sheba Weston.

## II.   Plaintiff's Motion in Limine (Doc. No. 157)

Plaintiff files a Motion in Limine seeking to preclude Defendants from "introducing any evidence, mentioning, or asking any questions, either directly or indirectly, before the jury or within the hearing of the jury regarding third party fault."

---

[12] **Sierra Club v. Cedar Point Oil Co.**, 73 F.3d at 546, 572 (5th Cir.1996); **Barrett**, 95 F.3d at 380; **Geiserman**, 893 F.2d at 791.

[13] See Record Document No. 127-5, Deposition of Derrick Judson, p. 14 (stating that mis-leveling was a frequent occurrence); Record Document No. 127-6, Deposition of Elsenia Young, p. 31 (stating that the elevator would constantly get stuck, the doors would open, and the elevator floor would not properly align with the building floor); Record Document No. 127-1, Hancock Work Request Forms (showing that Hancock was aware, on at least five occasions prior to July 15, 2004, about problems with the elevator).

In support of her Motion, Plaintiff cites **Perniciaro v. Liberty Mut. Ins. Co.**, 820 So.2d 600 (La. App. 4 Cir. 2002), a case decided by the Louisiana Fourth Circuit Court of Appeals, which has been cited by no other court. In **Perniciaro**, the Court prohibited defendant, the owner of an allegedly defective building, from introducing at trial any evidence of fault or negligence on the part of "the architects, contractors, etc." of the subject building. In doing so, the **Perniciaro** Court reasoned as follows:

> Pursuant to [Louisiana Civil Code Articles 2317, 2317.1, and 2322] the owner of the building is solely responsible for damages caused due to vices and/or defects in the building. This is a non-delegable duty vis-à-vis persons who claim injury due to vices or defects in the building. This is not to say, however, that the owner of a building cannot seek indemnity or contribution from a third-party for its possible negligence in causing the vices or defects.
>
> \* \* \* \*
>
> We do not believe, as defendants suggest, that it was the intent of the Legislature in enacting La. Civ.Code art. 2323 to abrogate the effect of articles 2317, 2317.1 and 2322. The clear and unambiguous language of those articles leads to the logical conclusion that an owner of a building cannot delegate its duty to maintain the building to other parties. Accordingly, we find it would be improper to allow [Defendant] to introduce evidence of fault or negligence on the part of the architects, contractors, etc., of [the building which allegedly contained defects] at trial.[14]

Defendants argue that **Dumas v. State**, 828 So. 2d 530 (La. 2002), a case decided by the Louisiana Supreme Court approximately five months after **Perniciaro** implicitly overruled **Perniciaro**. Specifically, Defendants cite the following language from **Dumas** in support of their argument:

---

[14] **Perniciaro v. Liberty Mut. Ins. Co.**, 820 So.2d 600, 601 (La. App. 4 Cir. 2002).

> We find the language of Article[ ] 2323... is clear, unambiguous, and does not lead to absurd consequences. Article 2323 provides that "[i]n any action for damages ..., the degree of percentage of fault of all persons causing or contributing to the injury, death or loss shall be determined, regardless of whether the person is a party to the action or a nonparty.... The [foregoing] provisions ... shall apply to any claim ... asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability." (Emphasis added.) Thus, this article clearly requires that the fault of every person responsible for a plaintiff's injuries be compared, whether or not they are parties, regardless of the legal theory of liability asserted against each person.[15]

The Court finds Defendant's argument persuasive.

When sitting in diversity, this Court applies the substantive law of the state.[16] As stated in **In re Katrina Canal Breaches Litigation**: To determine Louisiana law, this Court must look to the final decisions of the Louisiana Supreme Court.[17] Therefore, this Court looks to **Dumas** rather than **Perniciaro** for guidance on this issue. Because **Dumas** states that Louisiana Civil Code article 2323 "clearly requires that the fault of every person responsible for a plaintiff's injuries be compared, whether or not they are parties, regardless of the legal theory of liability asserted against each person", the Court must allow Defendants to introduce evidence of third-party fault in this case. Therefore, Plaintiff's Motion in Limine is denied.

---

[15] **Dumas v. State**, 828 So. 2d 530, 537 (La. 2002).

[16] **In re Katrina Canal Breaches Litig.**, 495 F.3d 191, 206 (5th Cir.2007) (citing **Erie R.R. v. Tompkins**, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

[17] **Id.**

## CONCLUSION

Accordingly, for the foregoing reasons assigned,

IT IS ORDERED that the Motion in Limine (Doc. No. 153) filed by Defendants, Hancock Holding Co. ("Hancock") and Federal Insurance Company, is GRANTED in part and DENIED in part.

The Court DENIES Defendants' Motion in Limine insofar as it seeks to exclude evidence of subsequent and prior elevator malfunctions.

The Court GRANTS Defendants' Motion in Limine insofar as it seeks to exclude evidence regarding the termination of the elevator maintenance contract between Hancock and Ver-Trans, and insofar as it seeks to exclude the testimony of Sheba Weston.

IT IS FURTHER ORDERED that the Motion in Limine (Doc. No. 157) filed by Plaintiff, Irma Nettles Jones, is DENIED.

Baton Rouge, Louisiana, this 17th day of June, 2010.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA